# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHEM RX CORPORATION, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 10-11567 (MFW)<br><br>(Jointly Administered) |

## INTERIM ORDER (I) AUTHORIZING DEBTORS TO
## UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND
## (II) GRANTING ADEQUATE PROTECTION TO PREPETITION
## SECURED PARTIES PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 363 AND
## (III) SCHEDULING FINAL HEARING PURSUANT TO FED. R. BANKR. P. 4001

Upon the motion (the "Motion"), dated May 11, 2010, of Chem Rx Corporation ("Chem

Rx") and each of its affiliated debtors, each as a debtor and debtor-in-possession (collectively,

the "Debtors"), in the above-captioned cases (the "Cases") pursuant to sections 361, 362 and 363

of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"),

Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the corresponding local rules of this District (the "Local Rules"), seeking, among

other things:

(1)     the granting of adequate protection to the Prepetition First Lien Secured Parties

(as defined below) under the First Lien Credit and Guaranty Agreement, dated as of October 26,

2007 (as heretofore amended, supplemented or otherwise modified from time to time, the

"Prepetition First Lien Credit Agreement"; and together with all Loan Documents (as defined in

the Prepetition First Lien Credit Agreement), swap agreements, letters of credit, mortgages,

security agreements and other documentation executed in connection with the Prepetition First

Lien Credit Agreement, the "Existing First Lien Agreements"), among those Debtors party

thereto, those certain lenders party thereto (the "Prepetition First Lien Lenders"), CIBC, as

Administrative Agent (in such capacity, the "Prepetition First Lien Administrative Agent") for the Prepetition First Lien Lenders, CIBC, as Collateral Agent (in such capacity under the Prepetition First Lien Credit Agreement, the "Prepetition First Lien Collateral Agent" and, together with the Prepetition First Lien Administrative Agent, the "Prepetition First Lien Agents") (the Prepetition First Lien Agents together with any Prepetition First Lien Lender who is owed any Obligation (as defined in the Existing First Lien Agreements), the "Prepetition First Lien Secured Parties");

(2)     the granting of adequate protection to the Prepetition Second Lien Secured Parties (as defined below) under the Second Lien Credit and Guaranty Agreement, dated as of October 26, 2007 (as heretofore amended, supplemented or otherwise modified from time to time, the "Prepetition Second Lien Credit Agreement"; and together with all Loan Documents (as defined in the Prepetition Second Lien Credit Agreement), mortgages, security agreements and other documentation executed in connection with the Prepetition Second Lien Credit Agreement, the "Existing Second Lien Agreements" and, together with the Existing First Lien Agreements, collectively, the "Existing Agreements"), among those Debtors party thereto, those certain lenders party thereto (the "Prepetition Second Lien Lenders"), S.A.C. Domestic Capital Funding, Ltd., in its capacities as Administrative Agent (in such capacity, the "Prepetition Second Lien Administrative Agent") for the Prepetition Second Lien Lenders, and as Collateral Agent (in such capacity under the Prepetition Second Lien Credit Agreement, the "Prepetition Second Lien Collateral Agent" and, together with the Prepetition Second Lien Administrative Agent, the "Prepetition Second Lien Agents" (the Prepetition Second Lien Agents together with any Prepetition Second Lien Lender who is owed any Obligation (as defined in the Existing Second Lien Agreements), the "Prepetition Second Lien Secured Parties");

(3)      authorization for the Debtors to use, pursuant to sections 105, 361, 362 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014, cash collateral in which the Prepetition Secured Parties[1] have an interest, and the granting of adequate protection to the Prepetition Secured Parties with respect to, *inter alia*, such use of their cash collateral, the priming of their liens, the imposition of the automatic stay and all use and any resulting diminution in the value of the Prepetition Collateral (as defined below);

(4)      approval of certain stipulations by the Debtors with respect to the amount, priority, validity, enforceability and perfection of the claims arising under, and the liens granted pursuant to, the Existing Agreements;

(5)      pursuant to Bankruptcy Rule 4001, that an interim hearing (the "Interim Hearing") on the Motion be held before this Court to consider entry of the proposed interim order annexed to the Motion (the "Interim Order"), among other things (a) authorizing the Debtors' use of Cash Collateral (as defined below) and (b) granting the adequate protection described herein; and

(6)      the scheduling of a final hearing (the "Final Hearing") to be held within 21 days after entry of the Interim Order, to consider the entry of a final order (the "Final Order") authorizing and approving the relief sought in the Motion on a final basis, as set forth in the Motion filed with this Court.

Due and appropriate notice of the Motion, the relief requested therein and the Interim Hearing having been served by the Debtors on (i) the Office of the United States Trustee for the District of Delaware, (ii) each of the Prepetition Agents, (iii) the Debtors' 30 largest unsecured

---

[1] The Prepetition Second Lien Agents, together with the Prepetition First Lien Agents, being the "Prepetition Agents," and the Prepetition Second Lien Secured Parties, together with the Prepetition First Lien Secured Parties, being the "Prepetition Secured Parties."

creditors on a consolidated basis, (iv) the Internal Revenue Service and (v) local taxing authorities.

The Interim Hearing having been held by this Court on May 13, 2010 and upon the record of the Interim Hearing, and after due deliberation and consideration and sufficient cause appearing therefor;

Upon all of the pleadings filed with this Court and upon the record of the Interim Hearing, and all objections to the relief sought in the Motion having been sustained, overruled, withdrawn or otherwise resolved, and after due deliberation and consideration and sufficient cause appearing therefor;

IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

1.      *Disposition.*  The Motion is granted on an interim basis on the terms set forth herein.  Any objections to the interim relief sought in the Motion that have not been previously resolved, waived, settled or withdrawn, and all reservation of rights included therein, are overruled on the merits.  This Interim Order shall be valid, binding and enforceable on all parties in interest and fully effective immediately upon entry.

2.      *Jurisdiction and Venue.*  This Court has core jurisdiction over the Cases, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rules 4001(b) and (d) and the Local Rules.

3.      *Notice.*  The notice given by the Debtors of the Motion and the Interim Hearing constitutes appropriate, due and sufficient notice thereof and complies with section 363 of the

Bankruptcy Code, Bankruptcy Rule 4001(b) and the Local Rules, and no further notice of the relief sought at the Interim Hearing and the relief granted herein is necessary or required.

4.     *Debtors' Stipulations.*  Without prejudice to the rights of any other party (but subject to the limitations thereon contained in paragraph 13 below), the Debtors admit, stipulate and agree that:

(a)     as of the date of the commencement of the Debtors' Cases (the "<u>Petition Date</u>"), the Debtors were jointly and severally liable to the Prepetition First Lien Lenders, without defense, counterclaim or offset of any kind, in the aggregate amount of approximately $105 million in respect of loans made, swap agreements entered into and other financial accommodations made, in each case, by the Prepetition First Lien Lenders pursuant to and in accordance with the terms of the Existing First Lien Agreements, including interest thereon and agency, letter of credit, facility, extension and other fees, expenses (including any attorneys', accountants', appraisers', financial advisors' and swap counterparty's fees that are chargeable or reimbursable under the Existing First Lien Agreements) and other obligations incurred in connection therewith as provided in the Existing First Lien Agreements (collectively, the "<u>Prepetition First Lien Obligations</u>");

(b)     the Prepetition First Lien Obligations constitute the legal, valid and binding obligations of the Debtors, enforceable in accordance with the terms of the Existing Agreements (other than in respect of the stay of enforcement arising from section 362 of the Bankruptcy Code), no portion of the Prepetition First Lien Obligations or any payments made to the Prepetition First Lien Secured Parties or any amounts applied to the obligations owing under the Existing First Lien Agreements prior to the Petition Date is subject to avoidance, subordination,

recharacterization, recovery, attack, offset, counterclaim, defense or Claim (as defined in the Bankruptcy Code) pursuant to the Bankruptcy Code or applicable non-bankruptcy law;

(c)      each Debtor does not have and hereby forever releases, and is forever barred from bringing, any Claims (as defined in the Bankruptcy Code), counterclaims, causes of action, defenses or setoff rights, against the Prepetition First Lien Secured Parties, and their respective affiliates, subsidiaries, agents, officers, directors, employees and attorneys, whether arising at law or in equity, including any recharacterization, subordination, avoidance or other claim arising under or pursuant to section 105 or Chapter 5 of the Bankruptcy Code or under any other similar provisions of applicable state or federal law;

(d)      pursuant to that certain (i) First Lien Pledge and Security Agreement dated as of October 26, 2007, (ii) First Lien Trademark Security Agreement dated as of October 26, 2007, (iii) Second Lien Pledge and Security Agreement dated as of October 26, 2007, (iv) Second Lien Trademark Security Agreement dated as of October 26, 2007, (v) Amended and Restated Intercreditor Agreement dated as of November 28, 2007 and (vi) Deposit Account Control Agreement dated as of April 30, 2009 (in each case as heretofore amended, restated, modified, ratified or supplemented from time to time, together with any and all other security agreements, pledge agreements, mortgages, notes, letters of credit, promissory notes, fixture filings, deeds of trust, financing statements, assignments or other security documents or instruments, the "Prepetition Collateral Documents"), (I) the Debtors have granted valid, binding, perfected, enforceable, first priority liens upon and security interests in the property described in the Prepetition Collateral Documents (collectively, the "Prepetition Collateral") to the Prepetition First Lien Agent for the benefit of the Prepetition First Lien Secured Parties and (II) the Prepetition First Lien Collateral Agent's liens upon and security interests in the Prepetition

Collateral, for the benefit of the Prepetition First Lien Secured Parties are not subject to avoidance, subordination, recharacterization, recovery, attack, offset, counterclaim, defense or Claim (as such term is defined in the Bankruptcy Code) of any kind pursuant to the Bankruptcy Code or applicable non-bankruptcy law; and

(e)     all cash, securities or other property (and the proceeds therefrom) as of the Petition Date, including without limitation, all cash, securities or other property (and the proceeds therefrom) and other amounts on deposit or maintained by the Debtors in any account or accounts with the Prepetition Secured Parties or at certain other financial institutions (collectively, the "Depository Institutions") were subject to rights of set-off and valid, perfected, enforceable, first priority liens under the Existing Agreements and applicable law, for the benefit of the Prepetition First Lien Secured Parties, as applicable.   All proceeds of the Prepetition Collateral (including cash on deposit at the Depository Institutions as of the Petition Date) are Cash Collateral of the Prepetition First Lien Secured Parties within the meaning of section 363(a) of the Bankruptcy Code (the "Cash Collateral").

5.     *Findings Regarding the Cash Collateral.*

(a)     Good and sufficient cause has been shown for the entry of this Interim Order.

(b)     The Debtors have an immediate need to use Prepetition Collateral (including but not limited to Cash Collateral) in accordance with the budget (the "Budget") substantially in the form attached hereto, in order to permit, among other things, the orderly continuation of the operation of their businesses, to maintain business relationships with vendors, suppliers and customers, to make payroll and to satisfy other working capital and operational needs.  The ability of the Debtors to obtain sufficient working capital and liquidity through the use of Cash Collateral, incurrence of new indebtedness for borrowed money and other financial

accommodations is vital to preserve and maintain the going concern values of the Debtors and to maximize the value of the Debtors' estates.

(c) The use of Cash Collateral is fair and reasonable, reflects the Debtors' exercise of prudent business judgment consistent with their fiduciary duties and is supported by reasonably equivalent value and fair consideration.

(d) The Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2) and the Local Rules. Absent entry of this Interim Order, the Debtors' estates will be immediately and irreparably harmed. Authorization of the use of Cash Collateral in accordance with the terms of this Interim Order is therefore in the best interests of the Debtors' estates.

6. *Use of Cash Collateral.* Subject to this paragraph 6 and the other provisions of this Interim Order, the Debtors are hereby authorized to use all Cash Collateral of the Prepetition Secured Parties (i) solely in accordance with and pursuant to the terms and provisions of this Interim Order and (ii) only to the extent authorized to pay those expenses enumerated in the Budget as and when such expenses become due and payable in the ordinary course of business, provided that the Prepetition Secured Parties are granted adequate protection as hereinafter set forth. The Debtors' right to use Cash Collateral shall terminate automatically on the Termination Date (as defined below).

(a) For purposes hereof, "enumerated in the Budget" shall mean, unless otherwise authorized by this Court or agreed upon by the Prepetition First Lien Administrative Agent, compliance with the Budget in all respects, including without limitation, the weekly expenditures set forth in each line item of the Budget; provided that the Debtors shall be permitted (i) during the period covered by this Interim Order and the Budget for such interim period, to carry over

any amounts not expended for a particular line item in any week to succeeding weeks, (ii) to exceed the amount set forth in any line item for a given week plus any amount carried over from a previous week in accordance with clause (i) above by 5% of the amount set forth in the Budget for such weekly line item (it being understood that this restriction shall not apply to the fees and expenses described in paragraph 7(d) below or to fees and expenses of the professionals of the Debtors and the Committee which will be paid in accordance with the Budget and any orders of this Court on professional compensation), and (iii) to pay amounts incurred from and after the Petition Date, in addition to or for categories not listed in the Budget with the prior written consent of the Prepetition First Lien Administrative Agent.

(b)     Any expenditures of Cash Collateral that are approved by any order of this Court may be made only if such expenditures are accounted for and covered by the Budget or as otherwise approved by the Prepetition First Lien Administrative Agent.

(c)     Under no circumstance shall there be any payment, transfer of inventory or other financial support made by the Debtors to the Debtors' Chicago venture or for any other use, venture or investment other than the Debtors, unless otherwise approved by the Prepetition First Lien Administrative Agent.

(d)     All Cash Collateral deemed remitted to the Prepetition First Lien Agents pursuant to this Interim Order that is deemed remitted at any time on or after the Termination Date (as defined below) shall be applied to the *pro rata* payment of amounts owing in respect of the Adequate Protection Obligations (as defined below).

(e)     To the extent that any funds were on deposit with any Prepetition Secured Party as of the Petition Date, including, without limitation, all funds deposited in, or credited to, an account of any Debtor with any Prepetition Secured Party immediately prior to the Petition Date

(regardless of whether, as of such time, such funds had been collected or made available for withdrawal by any such Debtor), such funds (the "Deposited Funds") may be subject to rights of setoff in favor of such Prepetition Secured Party, as applicable. By virtue of any such setoff rights and section 553 of the Bankruptcy Code, the Prepetition First Lien Obligations are secured by the Deposited Funds for purposes of these Cases under section 506(a) of the Bankruptcy Code. Such Prepetition Secured Parties are obligated, to the extent provided in the Existing Agreements, to share the benefit of such setoff rights with the other Prepetition First Lien Secured Parties party to such Existing Agreements, as applicable.

7.    *Adequate Protection.* The Prepetition Secured Parties are entitled, pursuant to sections 361 and 363(e) of the Bankruptcy Code, to adequate protection of their respective interests in the Prepetition Collateral, including the Cash Collateral, for and equal in amount to the aggregate diminution in the value of the Prepetition Secured Parties' interests in the Prepetition Collateral, including, without limitation, any such diminution resulting from (i) the sale, lease or use by the Debtors (or other decline in value from depreciation or decline in market price) of Cash Collateral and any other Prepetition Collateral and (ii) the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code. As adequate protection, the Prepetition Agents and the Prepetition Secured Parties are hereby granted, the following (collectively, the "Adequate Protection Obligations"):

(a)    Section 507(b) Claims. (1) The Prepetition First Lien Secured Parties are hereby granted, subject to the Carve Out (as defined below), an allowed superpriority claim as provided for in section 507(b) of the Bankruptcy Code, with priority in payment over any and all administrative expenses of the kinds specified or ordered under any provisions of the Bankruptcy Code, including sections 105, 326, 328, 330, 331, 503, 507(a), 726, 1113 or 1114 of the

Bankruptcy Code, and (2) the Prepetition Second Lien Secured Parties are hereby granted, subject to the Carve Out, an allowed superpriority claim as provided for in section 507(b) of the Bankruptcy Code, with priority in payment over any and all administrative expenses of the kinds specified or ordered under any provisions of the Bankruptcy Code, including sections 105, 326, 328, 330, 331, 503, 507(a), 726, 1113 or 1114 of the Bankruptcy Code; *provided, however* that the allowed superpriority claim granted to the Prepetition Second Lien Secured Parties in this clause (2) shall be junior to the allowed superpriority claim granted to the Prepetition First Lien Secured Parties in clause (1) of this paragraph in respect of the obligations under the Existing First Lien Agreements (clauses (1) and (2) together, the "507(b) Claims").

(i)     For purposes hereof, the "Carve Out" means (i) all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office or the United States Trustee under section 1930(a) of title 28 of the United States Code; and (ii) the payment of allowed and unpaid professional fees and disbursements incurred by the Debtors and any statutory committee ("Committee") appointed in the Cases, in each case to the extent approved by the Court, in aggregate amount not to exceed all accrued, unpaid and allowed professional fees and disbursements owing as of the date of a Termination Event (whether allowed as of such date or subsequently thereto) plus $50,000; *provided that* no Cash Collateral or any portion of the Carve Out shall be utilized for the payment of professional fees and disbursements incurred in connection with prosecuting any challenge to (x) the amount, extent, priority, validity, perfection or enforcement of the indebtedness of the Debtors owing to the Prepetition Secured Parties or (y) the collateral securing the Existing Agreements, or the perfection, priority or validity of the liens granted in favor of the Prepetition Secured Parties with respect thereto.

(b)     Adequate Protection Liens.   (i) The Prepetition First Lien Collateral Agent (for itself and the benefit of the Prepetition First Lien Secured Parties) is hereby granted, effective and perfected upon the date of this Interim Order and without the necessity of the execution by the Debtors, or the filing, of mortgages, security agreements, pledge agreements, financing statements or other agreements, a replacement security interest and an additional security interest in and lien upon all assets and property of the Debtors of any kind or nature whatsoever, now owned or hereafter acquired (excluding any causes of action arising under sections 502(d), 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code, collectively, the "Avoidance Actions"), and all proceeds, rents, products, or profits thereof, and all proceeds of such proceeds, rents, products, and profits (collectively, the "Collateral"), (it being understood that nothing herein shall impair the Debtors' right to seek to grant an Adequate Protection Lien (as defined below) on the proceeds of Avoidance Actions at the Final Hearing), subject and subordinate only to the Carve Out (the "Prepetition First Lien Adequate Protection Liens") and (ii) the Prepetition Second Lien Collateral Agent (for itself and the benefit of the Prepetition Second Lien Secured Parties) is hereby granted, effective and perfected upon the date of this Interim Order and without the necessity of the execution by the Debtors, or the filing, of mortgages, security agreements, pledge agreements, financing statements or other agreements, a second priority replacement security interest and an additional security interest in and lien upon all the Collateral (it being understood that nothing herein shall impair the Debtors' right to seek to grant an Adequate Protection Lien (as defined below) on the proceeds of Avoidance Actions at the Final Hearing), subject and subordinate only to (a) the Prepetition First Lien Adequate Protection Liens and (b) the Carve Out *and the Permitted Liens (as defined in the Second Lien* (the "Prepetition Second Lien Adequate Protection Liens" and, *Credit* together with the Prepetition First Lien Adequate Protection Liens, the "Adequate Protection *Agreement)*

*and the Permitted Liens (as defined in the Credit Agreement)*

12

Liens"). The Adequate Protection Liens shall not be (A) subject or subordinate to (x) any lien or security interest that is avoided and preserved for the benefit of the Debtors and the Debtors' estates under section 551 of the Bankruptcy Code or (y) any liens arising after the Petition Date including, without limitation, subject to and effective upon entry of a Final Order, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtors or (B) subordinated to or made *pari passu* with any other lien or security interest under sections 363 or 364 of the Bankruptcy Code or otherwise.

(c) Intentionally deleted.

(d) <u>Fees and Expenses</u>. The Prepetition First Lien Agents shall receive from the Debtors (x) by May 17, 2010, cash payment of all accrued and unpaid fees (including the fees and disbursements of counsel and other professional advisors for the Prepetition First Lien Agents) and disbursements incurred prior to the Petition Date owing under the Existing First Lien Agreements, in the amount set forth in the Budget and all without the necessity of filing any fee application or any other application with this Court; provided, however, that any accrued and unpaid fees or interest for which the Prepetition First Lien Agents do not seek payment on or prior to May 17, 2010 or any time thereafter shall not be waived, and the Prepetition First Lien Agents' right to recover such unpaid fees or interest is hereby reserved; and (y) on the first business day of each month, the reasonable, documented fees and expenses incurred by the Prepetition First Lien Agents under the Existing First Lien Agreements, including but not limited to the reasonable, documented fees and expenses incurred by the Prepetition First Lien Agents' counsel and financial advisors, which shall be paid on the first business day of each month

, with copies to be provided to the Office of the United States trustee and the Court to retain jurisdiction to consider

without the necessity of any other or further notice to and with the necessity of filing any application with this Court.

(e) <u>Monitoring</u>. The Debtors shall provide the Prepetition First Lien Administrative Agent (i) with the Debtors' draft audited 2008 and 2009 financial statements by no later than July 15, 2010, and (ii) copies of all financial statements, projections, reports and other materials *acceptable to the First Lien Administrative Agent* as may be reasonably requested by the Prepetition First Lien Administrative Agent.

(f) <u>Chief Restructuring Officer</u>. The Debtors shall continue to engage ~~Robert Rosenfeld of RSR Consulting, LLC as~~ a Chief Restructuring Officer ("CRO"). The CRO shall be required to approve, among other things, (x) all cash expenditures over $1,000 and (y) all modifications of existing contracts or the entry into new contracts. The CRO shall have the right to attend all of the Debtors' board meetings and shall use his best efforts to attend such meetings.

8. *Priority of Adequate Protection Liens.* No claims or liens shall be permitted with priority senior to or *pari passu* with the Adequate Protection Obligations and the liens hereby granted for the benefit of the Prepetition Agents and other Prepetition Secured Parties.

9. *Reservation of Rights of Prepetition First Lien Secured Parties.*

(a) Under the circumstances and given that the above-described adequate protection is consistent with the Bankruptcy Code, the Court finds that the adequate protection provided herein is reasonable and sufficient to protect the interests of the Prepetition First Lien Secured Parties, subject to the rights of the Prepetition First Lien Agents and the Prepetition First Lien Secured Parties to request further or different adequate protection (including the sale, lease or other disposition of any Collateral or Prepetition Collateral) subject to the rights of other parties in interest to oppose any such request. Except as expressly provided herein, nothing contained in this Interim Order (including, without limitation, the authorization of the use of any Cash

Collateral) shall impair or modify any rights, claims or defenses available in law or equity to either Prepetition First Lien Agent *or* Prepetition First Lien Secured Party including, without limitation, the right of any party to a swap agreement, securities contract, commodity contract, forward contract or repurchase agreement with any of the Debtors to assert rights of setoff or other rights with respect thereto as permitted by law (or the right of any Debtor to contest such assertion).

(b)     Except subject to and in accordance with the terms of this Interim Order, at all times before the Termination Date, the Debtors are hereby prohibited from at any time (i) using the Collateral (as defined herein) and (ii) the Cash Collateral (as defined in section 363(a) of the Bankruptcy Code).

(c)     The Second Lien Secured Parties shall not be entitled to exercise any rights or remedies in respect of the Prepetition Second Lien Adequate Protection Liens until the Prepetition First Lien Obligations are indefeasibly paid in full.

10.     *Perfection of Adequate Protection Liens.*

(a)     The Prepetition Agents are hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction, or take possession or control over, or take any other action in order to validate and perfect the Adequate Protection Liens and any other liens and security interests granted to them hereunder.  Whether or not the Prepetition Agents on behalf of the Prepetition Secured Parties shall, in their sole discretion, choose to file such financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments that may otherwise be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such Adequate Protection Liens and other

security interests and liens, or take possession of or control over, or otherwise confirm perfection of the liens and security interests granted to them hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination, as of the date of entry of this Interim Order without the necessity of any other or further act or instrument or notice to any person, party or entity.

(b)     The failure of the Debtors to execute any documentation relating to the enforceability, priority or perfection of the Adequate Protection Liens, or any other liens or security interests granted hereunder shall in no way affect the validity, perfection or priority of the Adequate Protection Liens.

(c)     If the Prepetition Agents (solely with respect to the Adequate Protection Liens) in their sole discretion, elect to file any financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments, or otherwise to confirm perfection of the Adequate Protection Liens as applicable, the Debtors shall cooperate with and assist in such process, the stay imposed under section 362 of the Bankruptcy Code is hereby lifted to permit the filing and recording of a certified copy of this Interim Order or any such financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments, ~~and all such documents shall be deemed to have been filed and recorded at the time of and on the date of this Interim Order~~. Upon the request of either of the Prepetition Agents (solely with respect to the Adequate Protection Liens), without any further consent of any party, each Debtor is authorized to take, execute, deliver and file such instruments (in each case without representation or warranty of any kind) to enable the Prepetition Agents to further validate, perfect, preserve and enforce the Adequate Protection Liens and any other liens or security interests granted hereunder as applicable.

(d)     A certified copy of this Interim Order may, in the discretion of either of the Prepetition Agents (with respect to the Adequate Protection Liens), be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien or similar instruments, and all filing offices are hereby authorized to accept such certified copy of this Interim Order for filing and recording.

(e)     Subject to and effective upon entry of a Final Order, any provision of any lease or other license, contract or other agreement that requires (i) the consent or approval of one or more landlords or other parties or (ii) the payment of any fees or obligations to any governmental entity, in order for any Debtor to pledge, grant, sell, assign, or otherwise transfer any such leasehold interest, or the proceeds thereof, or other Collateral related thereto, is hereby deemed to be inconsistent with the applicable provisions of the Bankruptcy Code. Any such provision shall have no force and effect with respect to the transactions granting the Adequate Protection Liens in such leasehold interest or the proceeds of any assignment and/or sale thereof by any Debtor, in favor of the Prepetition Secured Parties in accordance with the terms of this Interim Order.

11.     *Termination Events.*

(a)     Notwithstanding anything expressly contained herein, the Debtors shall not be authorized to use Cash Collateral pursuant to this Interim Order, immediately and without the necessity of any other further act or instrument, upon the occurrence of any of the following events (the "Termination Events"):

(i)     June 30, 2010, except with the prior written consent of the Prepetition First Lien Administrative Agent or by further order of this Court;

(ii)    The effective date of any plan of reorganization, if any, confirmed in the Debtors' chapter 11 cases;

(iii)    Non-compliance by the Debtors with any of the express terms and/or provisions of this Interim Order;

(iv)    Entry of an order by the Bankruptcy Court converting or dismissing the Debtors' chapter 11 cases;

(v)    Entry of an order by the Bankruptcy Court appointing a chapter 11 trustee in the Debtors' chapter 11 cases;

(vi)    Unless the Bankruptcy Court orders otherwise, the reversal, vacatur, stay, amendment, supplementation or other modification of this Interim Order in a manner which shall materially and adversely affect the rights of the Prepetition First Lien Agents or the Prepetition First Lien Secured Lenders hereunder, or shall materially and adversely affect the priority of any or all of the Prepetition First Lien Agents' and the Prepetition First Lien Secured Parties' security interests in the Prepetition Collateral and/or the Collateral;

(vii)    The Debtors' filing of a motion seeking to obtain priority for liens securing obligations other than as set forth in this Interim Order; or

(viii)    Entry of an order permitting the use of the Prepetition First Lien Secured Lenders' Cash Collateral inconsistent with the terms hereof.

(b)    The "Termination Date" is the date of the occurrence of a Termination Event that is not timely cured.

12. *Preservation of Rights Granted Under the Interim Order.*

(a)     No claim or lien having a priority superior to or *pari passu* with those granted by this Interim Order to the Prepetition First Lien Secured Parties shall be granted or allowed while any portion of the Adequate Protection Obligations remain outstanding, and the Prepetition First Lien Adequate Protection Liens shall not be (i) subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code or (ii) subordinated to or made *pari passu* with any other lien or security interest, whether under section 364(d) of the Bankruptcy Code or otherwise.

(b)     Unless the Adequate Protection Obligations shall have been indefeasibly paid in full in cash, the Debtors shall not seek, and it shall constitute an Event of Default and a termination of the right to use Cash Collateral if the Debtors seek (i) any modification or extension of this Interim Order without the prior written consent of the Prepetition First Lien Administrative Agent, and no such consent shall be implied by any other action, inaction or acquiescence by the Prepetition First Lien Administrative Agent, or (ii) an order converting or dismissing any of the Cases. If an order dismissing any of the Cases under section 1112 of the Bankruptcy Code or otherwise is at any time entered, (A) the Prepetition First Lien Adequate Protection Liens and the 507(b) Claims granted to the Prepetition First Lien Agents (for the benefit of themselves and the Prepetition First Lien Secured Parties) pursuant to this Interim Order shall continue in full force and effect and shall maintain their priorities as provided in this Interim Order until all Adequate Protection Obligations shall have been indefeasibly paid and satisfied in full in cash, (B) such Prepetition First Lien Adequate Protection Liens and 507(b) Claims granted to the Prepetition First Lien Secured Parties shall, notwithstanding such dismissal, remain binding on all parties in interest, (C) the other rights under this Interim Order

shall not be affected and (D) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to above in this paragraph and otherwise in this Interim Order.

(c)     If any or all of the provisions of this Interim Order are hereafter reversed, modified, vacated or stayed, such reversal, stay, modification or vacation shall not affect (i) the validity of any Adequate Protection Obligations incurred prior to the actual receipt of written notice by the Prepetition First Lien Agents, as applicable, of the effective date of such reversal, stay, modification or vacation or (ii) the validity or enforceability of any lien or priority authorized or created hereby or pursuant to this Interim Order with respect to any Adequate Protection Obligations.  Notwithstanding any such reversal, stay, modification or vacation, any use of Cash Collateral or Adequate Protection Obligations incurred by the Debtors to the Prepetition First Lien Agents or the Prepetition First Lien Secured Parties prior to the actual receipt of written notice by the Prepetition First Lien Agents, as applicable, of the effective date of such reversal, stay, modification or vacation shall be governed in all respects by the original provisions of this Interim Order, and the Prepetition First Lien Agents and Prepetition First Lien Secured Parties shall be entitled to all the rights, remedies, privileges and benefits granted in section 363(e) of the Bankruptcy Code and this Interim Order with respect to all uses of Cash Collateral and Adequate Protection Obligations.

(d)     The priorities granted to the Prepetition First Lien Agents and the Prepetition First Lien Secured Parties shall not be affected in any manner by the entry of an order, if any, confirming a plan of reorganization in these Cases absent the consent of the Prepetition First Lien Secured Parties, which consent may be given or withheld by the Prepetition First Lien Secured Parties, respectively, in the exercise of their sole and absolute discretion.

(e)     Except as expressly provided in this Interim Order, the Prepetition First Lien Adequate Protection Liens, the 507(b) Claims granted to the Prepetition First Lien Secured Parties, and all other rights and remedies of the Prepetition First Lien Agents and the Prepetition First Lien Secured Parties granted by the provisions of this Interim Order shall survive, and shall not be modified, impaired or discharged by the entry of an order converting any one or more of these Cases to a case under chapter 7, dismissing any one or more of these Cases, terminating the joint administration of any of the Cases. The terms and provisions of this Interim Order shall continue in any one or more of these Cases, in any successor cases if any one or more of these Cases cease to be jointly administered, or in any superseding Chapter 7 cases under the Bankruptcy Code, and the Prepetition First Lien Adequate Protection Liens and the 507(b) Claims granted to the Prepetition First Lien Secured Parties and all other rights and remedies of the Prepetition First Lien Agents and the Prepetition First Lien Secured Parties granted by the provisions of this Interim Order shall continue in full force and effect until the Adequate Protection Obligations are indefeasibly paid in full in cash.

13.     *Effect of Stipulations on Third Parties; Bar Date to Commence Action.* The stipulations, admissions and release contained in this Interim Order, including, without limitation, those contained in paragraph 4 of this Interim Order, shall be binding upon the Debtors and any successor thereto (including, without limitation, any chapter 7 or chapter 11 trustee appointed or elected for any of the Debtors) under all circumstances and for all purposes and shall be binding upon all other parties in interest, including, without limitation, the Committee, unless (a) the Committee or another party in interest having standing has timely filed an adversary proceeding or contested matter (subject to the limitations contained in paragraph 14 of this Interim Order) by no later than the date that is sixty (60) days after the entry of the Final

Order, (i) challenging the validity, enforceability, allowability, priority or extent of the Prepetition First Lien Obligations or the Prepetition First Lien Secured Parties' liens on the Prepetition Collateral or (ii) otherwise asserting any claims or causes of action against the any of the Prepetition First Lien Secured Parties on behalf of the Debtors' estates and (b) the Court rules in favor of the Committee or such party in interest having standing in any such timely filed adversary proceeding or contested matter. If no such adversary proceeding or contested matter is timely filed or the Court does not rule in favor of the Committee or any such party in interest having standing in any such proceeding, (w) the Debtors' admissions, stipulations and releases contained in paragraph 4 of this Interim Order shall be binding on all parties in interest, including the Committee, (x) the Prepetition First Lien Obligations shall constitute allowed claims, not subject to counterclaim, setoff, subordination, recharacterization, defense or avoidance, for all purposes in these Cases and any one or more subsequent cases under chapter 7, (y) the Prepetition First Lien Agents' and the Prepetition First Lien Secured Parties' liens on the Prepetition Collateral shall be deemed to have been, as of the Petition Date, legal, valid, binding and perfected security interests and liens, not subject to recharacterization, subordination, avoidance or other defense and (z) the Prepetition First Lien Obligations, the Prepetition First Lien Agents' and the Prepetition First Lien Secured Parties' liens on the Prepetition Collateral and the Prepetition First Lien Secured Parties shall not be subject to any other or further claim or challenge by any party in interest seeking to exercise the rights of the Debtors' estates, including, without limitation, any successor thereto (including, without limitation, any chapter 7 or 11 trustee or examiner appointed or elected for the Debtors), and any claims, causes of action, defenses and setoffs, whether arising under the Bankruptcy Code or otherwise, against the any of the Prepetition First Lien Secured Parties, and their respective affiliates, agents, officers,

directors and employees, arising out of or relating to the Existing First Lien Agreements shall be deemed waived and released. If any such adversary proceeding or contested matter is properly filed as of such dates, the Debtors' admissions, stipulations and releases contained in paragraph 4 of this Interim Order shall nonetheless remain binding and preclusive (as provided in the second sentence of this paragraph) except to the extent that such admissions and releases were expressly challenged in such adversary proceeding or contested matter.

14.  *Limitation on Use of Collateral.*  Notwithstanding anything herein or in any other order of this Court to the contrary, no borrowings, proceeds of Prepetition Collateral, Cash Collateral, Collateral or the Carve Out may be used (except with respect to an investigation of the perfection of the Prepetition Secured Parties' liens on the Prepetition Collateral in an amount not to exceed $25,000) to (a) object, contest or raise any defense to, the validity, perfection, priority, extent or enforceability of any amount payable under the Existing First Lien Agreements, or the liens or claims granted under this Interim Order or the Existing First Lien Agreements; or (b) assert any claims or defenses or causes of action against any of the Prepetition First Lien Agents or the Prepetition First Lien Secured Parties or their respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors, (c) prevent, hinder or otherwise delay any of the Prepetition First Lien Agents' assertion, enforcement or realization on the Cash Collateral or the Collateral in accordance with the Existing First Lien Agreements or this Interim Order, (d) seek to modify any of the rights granted to any of the Prepetition First Lien Agents or the Prepetition First Lien Secured Parties hereunder or under the Existing First Lien Agreements, in each of the foregoing cases without such parties' prior written consent, which may be given or withheld by such party in the exercise

of its respective sole and absolute discretion or (e) pay any amount on account of any claims arising prior to the Petition Date unless such payments are approved by an order of this Court.

15.     *No Control.*  From and after the Petition Date, no act committed or action taken by the Prepetition First Lien Agents or the Prepetition First Lien Secured Parties in connection with enforcement of any right or remedy provided for under this Interim Order or the Existing First Lien Agreements shall be used or construed to hold the Prepetition First Lien Agents or the Prepetition First Lien Secured Parties to be in control of or participating in the governance, management or operations of any Debtor for any purpose by virtue of the interests, rights and remedies granted to or conferred upon the Prepetition First Lien Agents or the Prepetition First Lien Secured Parties under this Interim Order or the Existing First Lien Agreements, including, without limitation, such rights and remedies as may be exercisable by the Prepetition First Lien Agents or the Prepetition First Lien Secured Parties in connection with this Interim Order.

16.     *Collateral Agent.*  To the extent that any of the Prepetition First Lien Agents (or any predecessor, bailee, agent or designee thereof) is the secured party under any account control agreement, listed as loss payee under the Debtors' insurance policies or is the secured party under any other Existing First Lien Agreement, then such Prepetition First Lien Agent is also deemed to be the secured party under such account control agreement, loss payee under the Debtors' insurance policies and the secured party under any other Existing First Lien Agreement, shall have all rights and powers associated with that position (including, without limitation, rights of enforcement) and shall act in that capacity and distribute any proceeds recovered or received in accordance with this Interim Order. The Prepetition First Lien Collateral Agent (and any predecessor, bailee, agent or designee thereof) shall serve as agent and bailee for the

Adequate Protection Liens on all Collateral that is of a type such that perfection of a security interest therein may be accomplished only by possession or control by a secured party.

17. *Retention of Jurisdiction.* This Court shall retain jurisdiction to enforce the provisions of this Interim Order, and this retention of jurisdiction shall survive the confirmation and consummation of any chapter 11 plan for the Debtors, if any, notwithstanding the terms or provisions of any such chapter 11 plan or any order confirming any such chapter 11 plan, if any.

18. *Binding Effect; Successors and Assigns.* The provisions of this Interim Order shall be binding upon all parties in interest in these Cases, including, without limitation, the Prepetition Secured Parties, the Depository Institutions and the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee or examiner hereinafter appointed or elected for the Debtors' estates) and shall inure to the benefit of the Prepetition Secured Parties and the Debtors and any of their respective successors and assigns (other than any chapter 7 or chapter 11 trustee or examiner hereinafter appointed or elected for the estates of the Debtors).

19. *Effective Upon Entry.* Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Interim Order as provided in such Rules.

20. *Headings.* Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Interim Order.

21. This Interim Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon entry hereof.

22. The Debtors certify that all disclosures required by Local Rule 4001-2 have been made.

23. The Final Hearing is scheduled for May 27, 2010 at 3:00 p.m. before this Court.

The Debtors shall promptly mail copies of this Interim Order (which shall constitute adequate notice of the Final Hearing, including without limitation, notice that the Debtors will seek approval at the Final Hearing of (i) a waiver of rights under section 506(c) of the Bankruptcy Code and (ii) post-petition liens on the proceeds of Avoidance Action, and may seek as an additional Termination Event that the Debtors shall be required to conduct a section 363 sale in respect of substantially all their assets by a date certain) to the parties having been given notice of the Interim Hearing, and to any other party that has filed a request for notices with this Court and to any Committee after the same has been appointed, or Committee counsel, if the same shall have been appointed. Any party in interest objecting to the relief sought at the Final Hearing shall serve and file written objections; which objections shall be served upon: (i) Greenberg Traurig LLP, attorneys for the Debtors, MetLife Building, 200 Park Avenue, New York, New York 10166, Attn: Nancy Mitchell, Esq., DiConzaM@gtlaw.com; (ii) Kaye Scholer LLP, attorneys for CIBC, in its capacity as Prepetition First Lien Administrative Agent, 425 Park Avenue, New York, New York 10022, Attn.: Madlyn Gleich Primoff, Esq., mprimoff@kayescholer.com and Mark F. Liscio, Esq., mliscio@kayescholer.com; (iii) White & Case LLP, attorneys for the Prepetition Second Lien Administrative Agent, 1155 Avenue of the

Americas, New York, New York 10036, Attn: S. Ward Atterbury, Esq., watterbury@whitecase.com; and (iv) the Office of the United States Trustee for the District of Delaware, and shall be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, in each case to allow actual receipt by the foregoing no later than ___May 24___, 2010 at 12:00 (noon), prevailing Eastern time.

Dated: Wilmington, Delaware

      May 13, 2010

                                                                                                 THE HONORABLE MARY F. WALRATH
                                                                                                 UNITED STATES BANKRUPTCY JUDGE