# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CHEM RX CORPORATION, *et al.*,[1] | Case No. 10-10-11567 (MFW) |
| Debtors. | (Jointly Administered) |

## APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF GREENBERG TRAURIG, LLP AS COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* AS OF THE PETITION DATE

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby submit this application (the "**Application**") for entry of an order (a) authorizing the retention and employment of the law firm of Greenberg Traurig, LLP ("**Greenberg Traurig**") as counsel to the Debtors, *nunc pro tunc* as of the Petition Date (as defined herein), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 2014(a), 2016(b), and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and (b) providing any additional relief required in order to effectuate the foregoing. The facts and circumstances supporting this Application are as set forth herein and in the Declaration of Scott D. Cousins (the "**Cousins Declaration**"), which is attached hereto as **Exhibit "A"** and incorporated herein by reference. In further support of this Application, the Debtors respectfully state as follows:

---

[1] The Debtors and the last four digits of each Debtor's tax identification number are: Chem Rx Corporation (8469), B.J.K. Inc. (5997), ChemRx New Jersey, LLC (9370), ChemRx/Salerno's, LLC (5981), ChemRx-Boca Raton, LLC (8021) and ChemRx Care, LLC (0826). The address(es) for each of the Debtors is/are: Chem Rx Corporation, 750 Park Place, Long Beach, New York, 1561; B.J.K. Inc., 750 Park Place, Long Beach, New York 11561; ChemRx New Jersey, LLC, 4041 Hadley Road, Bldg M, South Plainfield, New Jersey 07080; ChemRx/Salerno's, LLC,

## Status of the Case and Jurisdiction

1. On May 11, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors have continued in possession of their properties and are operating and managing their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner and a creditors' committee has not yet been appointed in these cases.

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief sought herein are sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014(a), 2016(b), and 5002, and Local Rule 2014-1.

## Background

6. Founded approximately 50 years ago, the Debtors are a leading long-term care pharmacy serving multiple institutions, including skilled nursing homes, group homes, correctional institutions and other long-term care facilities. The Debtors provide prescription and non-prescription drugs, intravenous medications, durable medical equipment items and surgical supplies for residents of these institutions in New York, New Jersey, Pennsylvania, and Florida. Annually, the Debtors provide over six million prescriptions to more than 69,000 residents of more than 400 institutional customers. The Debtors' operations are conducted as a

---

Route 209 & Bossardsville Road, Scotia, Pennsylvania 18354; ChemRx-Boca Raton, LLC 5001 NW 13th Ave, Suite H&I, Deerfield Beach, Florida 33064; ChemRx Care, LLC, 750 Park Place, Long Beach, New York 11561.

single business segment through separate corporate entities in each jurisdiction in which they are licensed to provide pharmacy services.

7. Although the Debtors' businesses remain strong, the Debtors are too highly leveraged and lack adequate liquidity to sustain operations long term. The Debtors have been in default under their secured loans since the beginning of 2009 and have been operating without an effective forbearance agreement since the end of June 2009. The Debtors have attempted over the last year to negotiate with their secured lenders over a consensual restructuring of their assets and liabilities to permit them to continue as a going concern. Those negotiations did not result in a consensus over a viable restructuring alternative.

8. On May 10, 2010, the lenders under the Debtors' first lien loans (the "**First Lien Lenders**") filed an action in New York State Court to enjoin the Debtors' use of cash that is subject to the First Lien Lenders' liens. If the First Lien Lenders were successful in enjoining the Debtors' use of their cash, the Debtors would be unable to continue operations. As a result, the Debtors, in the exercise of their reasonable business judgment and having reviewed their remaining alternatives, ultimately determined that the most effective way to maximize the value of the Debtors' estates for the benefit of their creditor constituencies was to seek bankruptcy protection in order to pursue a sale or restructuring of their assets and liabilities.

9. A more detailed factual background of the Debtors' business and operations, as well as the commencement of these chapter 11 cases (the "**Cases**"), is more fully set forth in the Declaration of Gary M. Jacobs in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief, (the "**First Day Declaration**") filed on the Petition Date and incorporated herein by reference.

## Relief Requested

10. By this Application, the Debtors respectfully request that this Court enter an order authorizing them to employ and retain Greenberg Traurig as their counsel in these Cases, nunc pro tunc as of the Petition Date.

11. The Debtors seek to retain Greenberg Traurig because of the firm's general experience and knowledge in the field of debtor and creditor rights and business reorganizations under chapter 11 of the Bankruptcy Code. Greenberg Traurig was retained by the Debtors in March 2009 and has acted as restructuring counsel for the Debtors since that time. As a result, Greenberg Traurig has become intimately familiar with the Debtors' business and operations and many of the legal issues that may arise in the context of these Cases. Moreover, Greenberg Traurig is generally well suited for the type of representation required by the Debtors. Greenberg Traurig has substantial experience representing debtors in reorganization cases and maintains an office for the practice of law in Wilmington, Delaware, where these Cases are pending. Greenberg Traurig has extensive experience appearing before the courts in this district.

12. Greenberg Traurig is an international law firm with more than 1,750 attorneys in 30 offices. The members of the firm practice in almost every practice area, including bankruptcy, workouts, litigation, business, employment, tax, labor, corporate, and commercial law. Greengerg Traurig also maintains a healthcare practice including representations both in and out of bankruptcy.

13. Accordingly, the Debtors have determined that Greenberg Traurig has the resources and experience necessary to represent them in these Cases. The Debtors believe that Greenberg Traurig's employment is in the best interest of the Debtors, their estates, and their

creditors. Thus, the Debtors desire that Greenberg Traurig represent them in connection with these Cases.

## Scope of Employment

14. The professional services that Greenberg Traurig expects to render to the Debtors include, but shall not be limited to, the following:

    a. providing legal advice with respect to the Debtors' powers and duties as debtors-in-possession in the continued operation of their business and management of their property;

    b. negotiating, drafting, and pursuing all documentation necessary in these Cases;

    c. preparing on behalf of the Debtors all applications, motions, answers, orders, reports, and other legal papers necessary to the administration of the Debtors' estates;

    d. appearing in court and protecting the interests of the Debtors before the Court;

    e. assisting with any disposition of the Debtors' assets, by sale or otherwise;

    f. attending all meetings and negotiating with representatives of creditors, the United States Trustee, and other parties-in-interest;

    g. providing legal advice regarding bankruptcy law, corporate law, corporate governance, securities, employment, transactional, international trade, tax, labor and other issues to the Debtors in connection with the Debtors ongoing business operations; and

    h. performing all other legal services for, and providing all other necessary legal advice to, the Debtors which may be necessary and proper in these Cases.

15. Subject to this Court's approval of this Application, Greenberg Traurig has indicated that it is willing to serve as Debtors' counsel in these Cases to perform the services described above.

**Greenberg Traurig's Disinterestedness**

16. As set forth in greater detail in the Cousins Declaration, Greenberg Traurig has undertaken a conflicts check that compares certain Potentially Interested Parties (as defined in the Cousins Declaration) against a list of Greenberg Traurig's current and former engagements, clients, and adverse parties. To the best of the Debtors' knowledge based upon the Cousins Declaration, and except as otherwise set forth therein, Greenberg Traurig (a) does not hold or represent any interest adverse to the Debtors or their chapter 11 estates, their creditors, or any other party-in-interest in connection with these Cases, and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Because Greenberg Traurig is a large firm with an international practice, the Debtors are aware that Greenberg Traurig may currently represent, or may have in the past represented, certain creditors of the Debtors' estates or other parties-in-interest in matters unrelated to the Debtors or these Cases, as disclosed in the Cousins Declaration. None of Greenberg Traurig's representations of any of the parties-in-interest in these chapter 11 Cases accounted for more than 2% of Greenberg Traurig's aggregate revenues during fiscal year 2009 or 2010 to date, nor does Greenberg Traurig represent such parties on any issue relating to the Debtors or their estates. Thus, Greenberg Traurig does not believe that any such engagement comprises a material component of Greenberg Traurig's practice.

17. Through a firm wide email, Greenberg Traurig is soliciting information from its attorneys to determine whether any attorneys employed by Greenberg Traurig are related to the Honorable Mary F. Walrath presiding over these Cases, the United States Trustee for Region 3, or any attorney known by Greenberg Traurig to be employed in the Wilmington Office of the United States Trustee. Greenberg Traurig is also soliciting information from its attorneys to

determine if any attorneys employed by Greenberg Traurig are equity security holders of any of the Debtors. In the event that any related information was or is received relevant to this Application, Greenberg Traurig either has included, or will supplement, the Cousins Declaration with such information.

### **Professional Compensation**

18.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. *See* 11 U.S.C. § 328(a). Greenberg Traurig intends to apply for compensation for professional services rendered in connection with these Cases subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Greenberg Traurig. A statement pursuant to Rule 2016 of the Bankruptcy Rules and section 329 of Bankruptcy Code is attached hereto as **Exhibit "B"** and is incorporated herein by reference. Greenberg Traurig has advised the Debtors that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Debtors are:

| Professional | Rate Per Hour |
|---|---|
| Nancy A. Mitchell | $890 |
| Maria J. DiConza | $730 |
| Scott D. Cousins | $710 |
| Dennis A. Meloro | $480 |
| Gino G. Tonetti | $475 |
| Sohyoung Choo | $380 |
| Elizabeth Thomas | $220 |

Other attorneys and paralegals will render services to the Debtors as needed. Generally, Greenberg Traurig's hourly rates are in the following ranges:

| Professional | Rate Per Hour |
|---|---|
| Shareholders | $340 to $1090 |
| Of Counsel | $360 to $935 |
| Associates | $160 to $610 |
| Legal Assistants/Paralegals | $60 to $310 |

The Debtors understand that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

19. The hourly rates set forth above are Greenberg Traurig's standard hourly rates for work of this nature inside or outside bankruptcy. These rates are set at a level designed to fairly compensate Greenberg Traurig for its work and to cover fixed and routine overhead expenses. It is Greenberg Traurig's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for working meals, computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Greenberg Traurig will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to Greenberg Traurig's clients outside of bankruptcy. Greenberg Traurig believes that these expenses should fairly be charged to the clients incurring them rather than to increasing the hourly rates and spreading the expenses among all clients. In addition, Greenberg Traurig intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of this Application, the Cousins Declaration, and related documents, as well as any monthly fee statements or interim or final fee applications and related issues.

20. Within the 90 days prior to the Petition Date, Greenberg Traurig received from the Debtors various advance payment retainers, totaling $900,000, of which amount approximately $265,000 was applied prior to the Petition Date in satisfaction of fees and expenses incurred by Greenberg Traurig on behalf of the Debtors. Greenberg Traurig has a remaining credit balance in favor of the Debtors in the approximate amount of $635,000. After application of amounts for any additional prepetition professional services and related expenses, the balance of this amount will be held as a general retainer.

21. Other than as set forth herein, there is no proposed arrangement to compensate Greenberg Traurig. Greenberg Traurig has not shared, nor agreed to share, (a) any compensation it has received or may receive with any other party or person, other than with the shareholders, counsel, and associates of Greenberg Traurig, or (b) any compensation another person or party has received or may receive.

### Request for Approval of Retention of Greenberg Traurig, *Nunc Pro Tunc* as of the Petition Date

22. The Debtors request that Greenberg Traurig's retention be made effective, *nunc pro tunc* as of the Petition Date, in order to allow Greenberg Traurig to be compensated for the work it performs for the Debtors as of and following the Petition Date and prior to the Court's consideration and approval of this Application. With the filing of these Cases on an emergency basis, Greenberg Traurig immediately turned its attention to urgent matters including, but not limited to, finalizing various "first day" and "second day" motions, and addressing a variety of business, employee, and creditor related issues which are expected to arise as a result of these chapter 11 filings. The Debtors submit that under the circumstances, and to avoid irreparable harm to the Debtors' estates that may occur if Greenberg Traurig is not immediately retained, retroactive approval to the Petition Date is warranted. *See, e.g., F/S Airlease II, Inc. v. Simon (In*

*re F/S Airlease II, Inc.)*, 844 F.2d 99, 103 (3d Cir. 1988), *cert. denied*, 488 U.S. 852 (1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989) (approval of debtor's employment of attorney and real estate agent as of a prior date was not an abuse of discretion).

**Notice**

23. Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Debtors' prepetition secured lenders; (c) creditors holding the thirty (30) largest unsecured claims as set forth in the consolidated list filed with the Debtors' petitions; (d) the Office of the United States Attorney General for the District of Delaware; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) those parties requesting notice pursuant to Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

24. No previous application for the relief sought herein has been made to this or any other court.

[Signature on next page.]

## Conclusion

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein and that it grant the Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware
       May 18, 2010

CHEM RX CORPORATION, *et al.*,
Debtors and Debtors-in-Possession

_____
Gary M. Jacobs
Chief Financial Officer