IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRC PARENT CORPORATION, *et al.*, | ) | Case No. 10-11567 (MFW) |
| f/k/a CHEM RX CORPORATION., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket No. 456 |
| | ) | |

**OBJECTION OF CANADIAN IMPERIAL BANK OF COMMERCE,
NEW YORK AGENCY, TO THE THIRD MONTHLY FEE APPLICATION OF
WHITE & CASE LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM AUGUST 1, 2010 THROUGH AUGUST 31, 2010**

Canadian Imperial Bank of Commerce, New York Agency, as lender and first lien administrative agent and first lien collateral agent (the "First Lien Agent") for the secured lenders (the "First Lien Lenders") under the above-captioned Debtors' prepetition credit facility, by its attorneys Kaye Scholer LLP and Potter Anderson & Corroon LLP, hereby submits this objection (the "Objection") to the Third Monthly Fee Application of White & Case LLP ("White & Case") for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors (the "Committee") for the Period from August 1, 2010 through August 31, 2010 [Docket No. 456] (the "August Fee Application"). In support of this Objection, the First Lien Agent respectfully states as follows:

**Preliminary Statement**

1. By the August Fee Application, White & Case seeks compensation of fees in the amount of $142,276.00 and expenses in the amount of $8,112.80 for the period from August 1 through August 31, 2010. White & Case states that the $142,276.00 requested in fees includes $24,183.00 that was incurred in connection with the Committee Investigation (as defined below).

White & Case is not seeking payment of that amount at this time, but it is seeking allowance of that amount. *See* August Fee Application, ¶ 6(A). Even with this amount set aside, however, and as with prior monthly fee applications, White & Case has not adequately delineated those time entries that relate to the Committee Investigation and the Committee Challenges (as defined below) from its time entries for other services.

2. The Committee's professionals have now exceeded the $25,000 cap set out in the Final Cash Collateral Order (as defined below) for Committee Investigations and have also spent significant time on Committee Challenges as reflected in the adversary complaint filed by the Committee against the First Lien Agent and the First Lien Lenders. Until such time as the Committee professionals can adequately delineate their time records and provide appropriate certification, further payment of their fees cannot be permitted. While these fees may ultimately be paid as administrative claims as part of a liquidation plan, until such a plan is agreed upon by the parties, confirmed by this Court and then consummated, all fees related to the Committee Investigation and Committee Challenges should not be paid. The First Lien Agent reserves all rights to object to this and future applications.

## Objection

3. Pursuant to the terms of the *Final Order (I) Authorizing Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C § 363 and (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 105, 361, 362 and 363* [Docket No. 110] (the "Final Cash Collateral Order"), the Committee is (a) prohibited from using more than $25,000 of the First Lien Agent's cash collateral to investigate, *inter alia*, the claims and liens of the First Lien Agent and the First Lien Lenders, any causes of action against the First Lien Agent or the First Lien Lenders or the realization of proceeds by the First Lien Agent or the First Lien Lenders

(collectively, the "Committee Investigation") and (b) **barred entirely** from using any of the First Lien Agent's cash collateral to, *inter alia,* challenge those claims and liens, assert any causes of action against the First Lien Agent or the First Lien Lenders or prevent the First Lien Agent or the First Lien Lenders from realizing on collateral, including but not limited to cash collateral (collectively, the "Committee Challenges").

4. More specifically, paragraph 14 of the Final Cash Collateral Order expressly states in pertinent part:

> [N]o borrowings, proceeds of Prepetition Collateral, Cash Collateral, Collateral or the Carve Out may be used (except with respect to investigation of matters referred to in clauses (a) through (d) below, in an amount **not to exceed $25,000**) to (a) object, contest or raise any defense to, the validity, perfection, priority, extent or enforceability of any amount payable under the Existing Agreements, or the liens or claims granted under this Final Order or the Existing Agreements; or (b) assert any claims or defenses or causes of action against any of the Prepetition First Lien Agents or the Prepetition Secured Parties or their respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors, (c) prevent, hinder or otherwise delay any of the Prepetition First Lien Agents' assertion, enforcement or realization on the Cash Collateral or the Collateral in accordance with the Existing Agreements or this Final Order . . . .

Final Cash Collateral Order, ¶ 14 (emphasis added).

5. By the August Fee Application, White & Case seeks compensation of fees in the amount of $142,276.00 and expenses in the amount of $8,112.80 for the period from August 1 through August 31, 2010. White & Case states that the $142,276.00 requested in fees includes $24,183.00 that was incurred in connection with the Committee Investigation. White & Case is not seeking payment of that amount at this time, but it is seeking allowance of that amount. *See* August Fee Application, ¶ 6(A).

6. White & Case has obviously devoted substantial time in these chapter 11 cases to the Committee Investigation and the Committee Challenges. On October 1, 2010, on behalf of the Committee, White & Case's co-counsel, Fox Rothschild LLP, filed (i) a complaint against

3

the First Lien Agent and the other First Lien Lenders challenging their claims and liens (the "Complaint"), and (ii) the *Motion of the Official Committee of Unsecured Creditors for an Order Extending the Committee's Time to Commence Certain Actions Under the Final Cash Collateral Order* [Docket No. 376] (the "Deadline Extension Motion"). In addition, on November 2, 2010, the Committee filed an amended complaint against the First Lien Agent and the First Lien Lenders (the "Amended Complaint"). The primary change in the Amended Complaint was the inclusion of an additional claim for relief related to the 2007 merger of Debtor B.J.K., Inc. and Debtor Chem Rx Corporation, f/k/a Paramount Acquisition Corporation, which the Committee refers to as the "LBO Transaction." *See* Amended Complaint, ¶¶ 13-15, 73-81. The First Lien Agent believes that White & Case has spent a significant amount of time and resources on the Committee Investigation, the preparation of the Complaint, the Amended Complaint and the Deadline Extension Motion, and other Committee Challenges.

7. White & Case and Fox Rothschild LLP (together, the "Committee Counsel") have consistently maintained their time records in a manner that makes it very difficult for the First Lien Agent and other parties in interest to determine how much time Committee Counsel have spent on the Committee Investigation and the Committee Challenges. In particular, prior to the August Fee Application, White & Case did not maintain separate project billing categories for either Committee Investigations or Committee Challenges.[1]

---

[1] As a result of the vague nature of Committee Counsel's time entries in their prior fee applications, the First Lien Agent submitted the *Objection of Canadian Imperial Bank of Commerce, New York Agency, to the First Interim (Quarterly) Applications of White & Case LLP and Fox Rothschild LLP, Co-Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the Period from May 21, 2010 through July 31, 2010* [Docket No. 394]. The First Lien Agent also submitted the *Objection of Canadian Imperial Bank of Commerce, New York Agency, to the Third Monthly Fee Application of Fox Rothschild LLP for Compensation and Reimbursement of Expenses as Co-Counsel for the Official Committee of Unsecured Creditors for the Period from August 1, 2010*

4

8. White & Case's August Fee Application continues to lack the clarity needed to ascertain the extent to which White & Case is requesting funds that are subject to the fee cap imposed by the Final Cash Collateral Order or that are for services barred from payment out of cash collateral under the terms of the Final Cash Collateral Order. White & Case has created a billing category entitled "Lien Investigation" that, according to White & Case, includes all time entries for fees incurred in connection with the Committee Investigation. *See* August Fee Application, ¶ 6(A).

9. It is clear, however, that all time entries related to the Committee Investigation and the Committee Challenges have not been included in the "Lien Investigation" category. Several time entries in the "Case Administration," "Asset Analysis/Disposition" and "Litigation (General)" categories clearly relate to the Committee Investigation, and it appears that several other entries may be related as well, although it is impossible to ascertain this relationship due to the vague nature of these entries.[2]

10. In addition, although the August Fee Application is replete with time entries that are related to White & Case's investigation of the LBO Transaction, White & Case has not included any of these time entries in the "Lien Investigation" billing category. By its Deadline

---

*through August 31, 2010* [Docket No. 424] and the *Objection of Canadian Imperial Bank of Commerce, New York Agency, to the Fourth Monthly Fee Application of Fox Rothschild LLP for Compensation and Reimbursement of Expenses as Co-Counsel for the Official Committee of Unsecured Creditors for the Period from September 1, 2010 through September 30, 2010* [Docket No. 542].

[2] For example, one time entry in the "Litigation (General)" category refers to a "conference . . . re: Medicare assignment issue and conduct research re: Medicare receivables and cash management system," which clearly relates to a claim included in the Committee's Complaint. Other entries in that same category that may relate to the Committee Investigation and Committee Challenges include time spent on "potential actions," "litigation issues," "potential estate causes of action re: merger" and "litigation strategy." Without further clarification from White & Case, the First Lien Agent has no way of knowing if these time entries are related to the Committee Investigation and Committee Challenges.

5

Extension Motion and the additional claim for relief included in the Amended Complaint, the Committee has made it clear that it believes that its investigation into the LBO Transaction is related to the Committee Investigation and the Committee Challenges. Thus, any fees that White & Case incurred during August 2010 that were related to its investigation of the LBO Transaction should be included in the "Lien Investigation" billing category. Since, as discussed below, White & Case has incurred fees that are in excess of the fee cap or that are barred from payment under the Final Cash Collateral Order, such fees should not be paid or allowed at this time.

11. It is now clear that Committee Counsel have exceeded the cap set forth in paragraph 14 of the Final Cash Collateral Order. By their own admissions, Committee Counsel have incurred at least $93,843.00 in fees related to the Committee Investigations or Committee Challenges.[3] Neither White & Case nor Fox Rothschild LLP should receive any further payment for fees and expenses that are related to the Committee Investigations or the Committee Challenges.

12. As stated above, the First Lien Agent recognizes that, in light of the settlement reached between the Committee and the First Lien Lenders, the fees incurred by Committee

---

[3] In addition to the $24,183.00 that White & Case acknowledged in this August Fee Application, White & Case has also stated that it previously incurred an additional $21,850.00 in fees relating to the Committee Investigation or Committee Challenges. *See Certification of Counsel in Support of First Interim Fee Application of White & Case LLP for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from May 21, 2010 through July 31, 2010* [Docket No. 516], ¶ 6. Fox Rothschild LLP has also admitted that it incurred $47,810.00 in fees related to the Committee Investigation. *See Fourth Monthly Fee Application of Fox Rothschild LLP for Compensation of Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the period from September 1, 2010 through September 30, 2010* [Docket No. 438], ¶ 9 n.3; *Certification of Counsel in Support of Third Monthly Fee Application of Fox Rothschild LLP for Compensation of Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the period from August 1, 2010 through August 31, 2010* [Docket No. 525], ¶ 4.

Counsel in connection with the Committee Investigation and Committee Challenges may ultimately be paid as administrative expense claims as part of a liquidation plan, if they meet a test of reasonableness. As the parties have not yet agreed to any such liquidation plan, however, all fees incurred that relate to the Committee Investigation or Committee Challenges should not be paid or allowed at this time.

13. The First Lien Agent hereby expressly reserves all of its rights to amend or supplement this Objection and to be heard before this Court with respect to the August Fee Application, including any supplemental filings in support thereof, to the extent necessary to preserve and protect the rights of the First Lien Agent, on behalf of itself and the First Lien Lenders, including requesting discovery and an additional holdback of fees and expenses until these matters are resolved.

WHEREFORE, as set forth in its prior objections, the First Lien Agent respectfully requests that this Court enter an order (i) directing White & Case to (a) resubmit its August Fee Application and provide supplemental detail that clearly delineates the specific matters to which the time entries relate, (b) file a supplemental certification of counsel certifying that all services rendered relating to the Committee Investigation and the Committee Challenges have been billed to the appropriate project billing category, (c) submit the aggregate amount of fees and expenses expended relating to the Committee Investigation and the Committee Challenges during the period August 1 to August 31, 2010, and (d) certify that none of the fees and expenses expended violate the restrictions contained in paragraph 14 of the Final Cash Collateral Order; (ii) requiring White & Case to delineate all time entries for all future monthly and interim fee applications as set forth above and to file contemporaneous certifications in support of future

monthly and interim fee applications specifying the foregoing items; and (iii) granting the First Lien Agent, on behalf of itself and the First Lien Lenders, such other and further relief as this Court may deem just and proper.

Dated: November 18, 2010

POTTER ANDERSON & CORROON LLP

By: _____
Laurie Selber Silverstein (DE Bar 2396)
P. O. Box 951
1313 North Market Street - 6th Floor
Wilmington, DE 19801
(302) 984-6000

-and-

KAYE SCHOLER LLP
Madlyn Gleich Primoff
Scott D. Talmadge
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Co-Attorneys for Canadian Imperial Bank of Commerce, New York Agency, as First Lien Administrative Agent and Collateral Agent*

PAC#990329 / 34783